## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHARI K.  THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | **8:06CV530** |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY PETERS, DANA REYMAN, | ) | **ORDER** |
| DAVE BORCYK, NORTHERN | ) | |
| BORDER PARTNERS, ONEOK, | ) | |
| ONEOK PARTNERS, and ENRON | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 4, the plaintiff's motion to proceed in forma pauperis (IFP).  When considering a motion to proceed in forma pauperis ("IFP"), the district court must determine whether the moving party qualifies financially and whether the case is frivolous or malicious.  See 28 U.S.C. § 1915 (proceedings in forma pauperis).  In this case, the plaintiff has filed an action based on employment discrimination, and the Complaint (filing no.1) is not frivolous or malicious.

However, I find that the plaintiff is not financially eligible to proceed IFP.  The plaintiff's financial affidavit indicates that she earns approximately $3,688 a month and owns a home worth approximately $229,000.  While by no means wealthy, I conclude that the plaintiff has sufficient resources to pay the filing fee without undue hardship.  Therefore, I will deny IFP status on the ground that the plaintiff is not financially eligible to proceed IFP.

THEREFORE, IT IS ORDERED:

1.      That filing no. 4 is denied, and the plaintiff shall have until **September 11, 2006** to pay the full $350 filing fee;

2.      That in the absence of the filing fee this case will be subject to dismissal; and

3.      That if the filing fee is paid, the court will instruct the plaintiff regarding service

of process on the defendant.

DATED this 9th day of April, 2006.

BY THE COURT:


s/ F.A. Gossett
United States Magistrate Judge